ROY EARL HAMILTON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hamilton v. Commissioner
Docket No. 6674-85.
United States Tax Court
T.C. Memo 1987-319; 1987 Tax Ct. Memo LEXIS 319; 53 T.C.M. (CCH) 1256; T.C.M. (RIA) 87319; June 25, 1987. Roy Earl Hamilton, pro se. Alan I. Weinberg and Frank C. McClanahan III, *320 for the respondent. KORNER
MEMORANDUM OPINION KORNER, Judge: For the calendar year 1981, respondent determined a deficiency in petitioner's income tax in the amount of $713, together with a deficiency of excise tax under section 4973 [1] in the amount of $90. All such amounts are in dispute. At the time of filing his petition herein, petitioner was a resident of Matthews, North Carolina. Petitioner and his wife Sallie H. Hamilton filed a joint Federal income tax return for the year 1981. From November 17, 1980 through March 31, 1981, petitioner was employed by the North Carolina National Bank (hereinafter "NCNB"). Throughout 1980 and 1981, NCNB maintained a defined benefit plan, which was qualified under section 401(a), under which an employee-participant would accrue benefits during his service with NCNB. Upon the termination of his employment, a participant's accrued benefit would be vested if the participant had at least 10 years service with *321 the employer. During his period of employment with NCNB, petitioner was an active participant in NCNB's retirement plan, and accrued benefits. When he left the employment of NCNB he received no benefits under the plan, since he then had less than 10 years of service, pursuant to the terms of the plan. In 1981, petitioner made a contribution of $1,500 to an Individual Retirement Account ("IRA") which he maintained in that year, and petitioner took a deduction for such amount in his joint income tax return for that year. Upon audit, respondent disallowed petitioner's claimed deduction of $1,500. Respondent further determined that petitioner's contribution of $1,500 to the Individual Retirement Account constituted an "excess contribution" within the meaning of section 4973, and accordingly determined an excise tax of six percent of such amount, or $90. Petitioner contends that he is entitled to his claimed contribution deduction to his IRA in 1981. His argument, simply stated, is this: He worked for NCNB for only a few months in 1980 and 1981. Upon his departure from NCNB, he forfeited all accrued rights in the company plan, pursuant to the provisions of that plan. At the *322 end of the year, he was not covered by the NCNB plan, and had no possibility of receiving any benefits thereunder. Accordingly, there is no possibility of a double tax benefit, and his contribution to his own IRA should be allowed. Respondent, on the other hand, contends that the language of the controlling statute is clear and that petitioner was ineligible in 1981 to make any deductible contribution to an Individual Retirement Account because, for a portion of that year, he was covered and was accruing benefits under the NCNB plan. Section 219, as applicable for 1981, allows for the taxable year a deduction of $1,500 for a contribution to an IRA described in section 408(a). Nevertheless, section 219(b)(2)(A)(i) provides that no deduction for a contribution to an IRA will be allowable for a taxable year for any individual who is an active participant in a qualified pension plan for any part of such year. We find this case indistinguishable on its facts from ; , affg. ; and , *323 affg. . As we said in : Despite the fact that petitioner worked for the company for only 3 months during 1981 and forfeited his rights under the plan, he is not entitled to a deduction for an IRA contribution because he was an active participant in his company's retirement plan. While Congress did not include a definition of active participant in the statute, Congress' intent is clear from the report of the House Committee on Ways and Means: An individual is to be considered an active participant in a plan if he is accruing benefits under the plan even if he has only forfeitable rights to those benefits [H. Rept. 93-807 (1974), 1974-3 C.B. (Supp.) 236, 364.] While the result to petitioner seems harsh, we cannot ignore the plain language of the statute and, in effect, rewrite this statute to achieve what would appear to be an equitable result. * * * Whether or not petitioner could potentially receive a double tax benefit is not the critical inquiry. Instead, the significant fact is that petitioner was an active participant in the company's plan during the first 3 months *324 of 1981. * * * Finally, section 4973 imposes an excise tax of 6 percent on "excess contributions" made to an IRA during the taxable year. Section 4973(b) defines "excess contributions," for the purpose of the instant case, as the excess of the amount contributed to the IRA for the taxable year over the amount allowable as a deduction under section 219. Since petitioner is not entitled to a deduction under section 219 for his contribution for $1,500 to an IRA in 1981, the entire $1,500 represents an excess contribution subject to the excise tax. * * * We are thus compelled to uphold respondent's position herein. Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect in the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted.↩